UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-00467-H

DOUGLAS LINDELL                                                                           PLAINTIFF

V.

CIGNA GROUP INSURANCE a/k/a                                                DEFENDANT
LIFE INSURANCE COMPANY OF
NORTH AMERICA

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Douglas Lindell, brought this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132. He appeals the denial of his short-term disability ("STD") and long-term disability ("LTD") benefits by Defendant, Cigna Group Insurance a/k/a Life Insurance Company of North America ("LINA"). Both parties have moved for judgment on the Administrative Record. LINA has also moved to dismiss or, in the alternative, has requested summary judgment on Plaintiff's LTD claim for failure to exhaust his administrative remedies. For the reasons that follow, the Court will sustain LINA's motions for judgment on the Administrative Record.

**I.**

Plaintiff is a forty-five-year-old male, who served as a laborer for Premier Manufacturing Support Services ("Premier"). Through his employment with Premier, Plaintiff received disability coverage under LINA's STD and LTD plans. The STD plan provides benefits to disabled employees for up to twenty-six weeks, while the LTD plan furnishes benefits for any time period beyond twenty-six weeks. The two plans are separate and distinct for the purpose of claims.

The Court will begin by discussing the relevant provisions of the STD plan and determining the appropriate standard of review. The STD plan classifies an employee as disabled "if, solely because of Injury or Sickness, he or she is: (1) unable to perform the material duties of his or her Regular Occupation; and (2) unable to earn 80% or more of his or her Covered Earnings from working in his or her Regular Occupation." The plan further explains that the employee must provide LINA with "satisfactory proof of Disability before benefits will be paid." Moreover, the STD plan predicates the continuation of disability benefits on "continued proof." An employee's benefits under the plan expire on "the date the Insurance Company determines he or she is not Disabled."

Here, the standard of review depends on whether the plan expressly conferred discretion on LINA "to determine eligibility for benefits or to construe the terms of the plan." *Yeager v. Reliance Standard Life Ins. Co.*, 88 F.3d 376, 380 (6th Cir. 1996). The STD plan's requirement of "satisfactory proof" permits LINA to exercise such discretion. *See Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 556-57 (6th Cir. 1998) (en banc). Therefore, Plaintiff bears the burden of showing that LINA's denial of his STD benefits constituted an arbitrary and capricious act. *See Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 985 (6th Cir. 1991). The arbitrary and capricious standard is "the least demanding form of judicial review of administrative action." *Williams v. Int'l Paper Co.*, 227 F.3d 706, 712 (6th Cir. 2000). The Court must decide only whether LINA made a rational decision in light of the plan's provisions. *Id.* (citing *Daniel v. Eaton Corp.*, 839 F.2d 263, 267 (6th Cir. 1988)).

**II.**

On March 5, 2010, Plaintiff ceased working at Premier due to a large disk herniation with cord compression and an altered cord signal in his cervical vertebrae. Five days later, on March 10, 2010, Dr. Steven Reiss performed surgery, a C5-C6 fusion, in response to Plaintiff's condition. LINA approved Plaintiff's STD application following this injury, and on March 12, 2010, he began to receive those benefits.

For his first post-operative visit, on March 31, 2010, Plaintiff met with Laura Tudor, a nurse practitioner. Plaintiff told her that he was experiencing upper back pain and pressure in his neck when reaching. On April 2, 2010, Dr. Reiss informed LINA that Plaintiff should be able to return to work in eight to twelve weeks. During a May 11, 2010 appointment, Plaintiff complained of severe pain in his neck, upper back, and right arm, but Dr. Reiss indicated that his x-ray appeared normal. Plaintiff again made similar complaints during his June 23, 2010 visit. However, the reports for all three visits state that "[t]here have been no post operative complications."

On July 16, 2010, a LINA case manager reviewed Plaintiff's entire file and determined that the medical records failed to support the continuation of his STD benefits. This determination appears to have been based upon Dr. Reiss' six to eight weeks recovery prognosis and the absence of any objective testing or measurement indicating functional limitations. LINA then discontinued Plaintiff's STD benefits beyond June 30, 2010. LINA's notification letter explained that should Plaintiff wish to appeal and supplement his record, he must show "time-concurrent documentation of significant measured physical limitations." That "time-concurrent documentation" needed to corroborate a functional disability "from July 1 forward."

In fact, Plaintiff decided to appeal LINA's decision twice, but the insurance company

3

denied both appeals, first in December 2010 and then again in May 2011.  For each appeal, Plaintiff submitted new medical records as supplemental evidence.  Plaintiff provided an MRI taken on July 27, 2010, which revealed "no evidence of disk herniation."  However, that MRI did show "mild degenerative changes" and an abnormal cervical cord signal.  He also submitted the records of his pain treatment with Dr. Stephen Young, which began on September 30, 2010.

More significantly, Plaintiff supplied an MRI of his right shoulder taken on October 25, 2010 that evidenced both partial and complete tears in his connective tissues.  On December 22, 2010, Dr. Joseph Catalano performed surgery to repair this rotator cuff injury.

During the course of his administrative appeals, two independent medical examiners reviewed Plaintiff's records with varying results.  The physician sought out by Plaintiff, Dr. Jules Barefoot, also conducted a physical examination.  On September 17, 2010, Dr. Barefoot administered a range-of-motion test, finding Plaintiff's flexion to be extremely limited.  He also determined that Plaintiff had lost strength in his right hand as well as his left knee and ankle.  Dr. Barefoot opined that Plaintiff would be unable to undertake "any type of employment including sedentary."

Alternatively, the examiner solicited by LINA, Dr. Frank Polanco, stated that Dr. Barefoot's diagnoses stemmed from longstanding conditions under which Plaintiff had previously performed his occupation.  He further explained that the timing of the new range-of-motion test and the rotator cuff issues failed to support a finding of continuous disability going forward from July 1, 2010.  Dr. Polanco also determined that the records of Plaintiff's post-operative treatment with Dr. Reiss provided no objective showing of a functional disability, only subjective complaints of pain.

### III.

Plaintiff contends that LINA improperly rejected his supplemental evidence on appeal. However, requiring that Plaintiff's objective medical evidence be time-concurrent with the relevant period of alleged disability is not arbitrary and capricious. *See Phillips v. Life Ins. Co. of N. Am.*, No. 1:10-CV-00064-R, 2011 WL 4435670, at *8 (W.D. Ky. Sept. 22, 2011). The key date in this case is June 30, 2010, the day on which Plaintiff's STD benefits expired. The STD plan required that Plaintiff show continuous proof of his disability, and whenever objective evidence could no longer support that disability, the benefits under the plan ceased. Following the recovery period for the C5-C6 fusion, LINA decided that only subjective complaints of pain supported the alleged disability. During his administrative appeals, Plaintiff needed to show that he was disabled on July 1, 2010 and that his disability continued to the current date for which he sought coverage.

The Administrative Record contains several documents that provide objective evidence of Plaintiff's physical ailments, including his limited range of motion and the damage to his rotator cuff. Nevertheless, those documents do not clarify whether the conditions existed at the time LINA decided to terminate his benefits and thus do not support the presence of a continuous disability on July 1, 2010.

Only the post-operative records of Dr. Reiss relate to the time period in question. Those records repeatedly state that the surgery produced no complications. Furthermore, the x-ray taken at that time proved normal, showing no evidence of herniation. Plaintiff's self-reported pain constituted the sole basis for disability, but this subjective evidence does not meet the standard of "satisfactory proof" necessary for coverage under LINA's interpretation of the STD

plan. Under these circumstances, LINA's decision to terminate Plaintiff's STD benefits was reasonable, based upon available medical evidence and, therefore, cannot be branded as arbitrary and capricious.

## IV.

As a final matter, LINA has requested that this Court dismiss Plaintiff's LTD claim pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, grant summary judgment in its favor. Because this Court holds the benefit of the Administrative Record and the attached depositions by both parties, summary judgment will be the more effective tool for resolving this issue.

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine factual dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Before filing an ERISA case in federal court, a prospective plaintiff must exhaust the available administrative remedies established by his or her benefits plan. *Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 504 (6th Cir. 2004) (citing *Miller*, 925 F.2d at 986). Plaintiff does not dispute the fact that he failed to take advantage of his administrative remedies by neglecting to submit a claim under the LTD plan. Instead, he argues that further administrative proceedings would have been futile, and thus the administrative exhaustion requirement should not apply to

his LTD claim. *See Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 419 (6th Cir. 1998). The application of this futility exception depends on whether "a clear and positive indication of futility can be made." *Id.* Plaintiff must demonstrate that "it is certain that his claim will be denied." *Id.* (quoting *Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir. 1996)). Speculation that LINA would have refused to honor Plaintiff's LTD claim on the same basis as the STD claim cannot establish futility. *See Id.*

Here, Plaintiff justifies his failure to file an LTD claim by asserting that one of LINA's STD claim managers told him that he would be unable to receive LTD benefits prior to exhausting all of benefits under the STD plan. LINA does not concede that this conversation actually occurred. Even if the conversation took place, LINA argues that the claim approval procedures for the STD and LTD plans are independent of one another. LINA would not have used the same claim managers who denied Plaintiff's STD claim to appraise the merits of his LTD claim. Moreover, the new LTD claim managers would not have given deference to the prior denial of STD benefits in making their decision.

In light of these administrative safeguards, Plaintiff has failed to prove with certainty that his LTD claim would have been denied. Plaintiff chose not to file an initial LTD claim, which might have been based upon new evidence and different conditions than those supporting Plaintiff's STD request. Thus, the Administrative Record contains no discussion of LINA's reasoning under that plan. Without such evidence, this Court is not in a position to determine the merits of that LTD claim. Therefore, the Court concludes that the futility exception does not apply to Plaintiff's failure to exhaust the LTD plan's administrative remedies.

For the reasons stated in its Memorandum Opinion and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that LINA's motion for judgment on the Administrative Record is SUSTAINED, and Plaintiff's STD claim is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that LINA's motion for summary judgment is SUSTAINED, and Plaintiff's LTD claim is DISMISSED WITHOUT PREJUDICE.

This is a final order.

cc: Counsel of Record